PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
JOEL N. KLEVENS - State Bar No. 45446
jklevens@glaserweil.com
JOHN K. LY - State Bar No. 247477
jly@glaserweil.com
GLASER WEIL FINK JACOBS
   HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

JOHN F. KRATTLI, County Counsel
SHARON REICHMAN, Assistant County Counsel
ROBERT E. RAGLAND Principal Deputy County Counsel
(SBN 175357) • rragland@counsel.lacounty.gov
ANDREA E. ROSS, Senior Deputy County Counsel
(SBN 179398) • aross@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles California 90012-2713
Telephone: (213) 787-2310
Facsimile:  (213) 680-2165
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION; MICHAEL WEINSTEIN<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES COUNTY; MARIO J. PEREZ;<br><br>Defendants.<br><br>LOS ANGELES COUNTY,<br><br>Counterclaimant,<br><br>vs.<br><br>AIDS HEALTHCARE FOUNDATION,<br><br>Counterdefendant. | CASE NO.: 2:12-cv-10400-PA-AGR<br><br>Hon. Percy Anderson<br><br>**LOS ANGELES COUNTY'S OPPOSITION TO PLAINTIFF AIDS HEALTHCARE FOUNDATION'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Declarations of Dave Young, Mario J. Perez, and Katherine Urbanski attached hereto and filed concurrently herewith] |

## I. INTRODUCTION

Defendant and Counterclaimant Los Angeles County (the "County") submits this Opposition in response to the *Ex Parte* Application for Temporary Restraining Order (the "TRO") filed by Plaintiff and Counterdefendant AIDS Healthcare Foundation ("AHF"). In the TRO, AHF requests that the Court further postpone to a date in September, 2013 the mandatory fiscal audit of AHF's Ambulatory Outpatient Medical contract ("AOM Contract"), which had been continued to July 22, 2013 at AHF's request.

To obtain a temporary restraining order, the moving party must demonstrate (1) that it is likely to prevail on the merits of its claim, (2) that it will suffer irreparable harm in the absence of extraordinary relief, (3) that the balance of equities is in its favor, and (4) that an injunction is in the public interest. *Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011).

AHF's moving papers, although lengthy, fail to show any basis for asking this Court to interfere with a required, routine fiscal audit of AHF's County contracts. Therefore, the TRO should be denied. Despite the length of the TRO papers, AHF does not and cannot dispute the fundamental facts set forth in the accompanying declarations. This TRO seeks to further delay a contractually required <u>fiscal</u> audit scheduled to begin on July 22, 2013. This is the first fiscal audit conducted by the County of AHF's contracts in more than three years. At AHF's request, County has already accommodated AHF and postponed the fiscal audit from May 2013 to July 22, 2013. AHF's response to this fiscal audit does not require the involvement of clinical and medical personnel and in no way interferes with its mission. For these and the other reasons set forth below, this Court should deny the TRO and permit the mandatory fiscal audit to proceed as scheduled on July 22, 2013.

## II. ARGUMENT

### A. AHF's TRO Papers Misrepresent The Facts And Fail To Show That The July 22, 2013 Fiscal Audit Would Cause AHF Irreparable Harm

AHF's TRO papers fail to show any basis for the extraordinary relief requested. Specifically, AHF fails to demonstrate that it will suffer irreparable harm from having the contractually required fiscal audit begin on July 22, 2013. AHF claims that the fiscal audit would have a negative impact on patient care. As support, AHF submits declarations from Wayne Chen, M.D., the Senior Medical Doctor at AHF, and Sharon Matland, the Director of Nursing at AHF. There are, however, no facts in these declarations that show <u>how</u> the review of financial records could impact patient services in any way. Instead, Dr. Chen and Ms. Matland make, in one very similar paragraph, the conclusory statement that they are "gravely concerned" that the fiscal audit would require their staffs to "devote additional time away from patient services." (Chen Decl., ¶ 6; Matland Decl. ¶ 6.) While Dr. Chen and Ms. Matland describe, at length, the services that they perform on behalf of AHF's patients, they do not explain how these services could be negatively affected if the County conducts its fiscal audit on July 22, 2013 as scheduled.[1] (Chen Decl., ¶¶ 3-4; Matland Decl. ¶¶ 3-4.) Notably, AHF does not, because it cannot, identify any impact to patient services from past fiscal audits, since fiscal audits require only financial records and clerical personnel, not medical or clinical personnel.

In an effort to show irreparable harm where none exists, AHF simply misrepresents the nature of the fiscal audit at issue. AHF suggests, inaccurately, that the County has been conducting the same audit on AHF for the last five months. (AHF Memorandum of Points & Authorities ("Memo"), ¶ 1:9-10.) The audit that is

---

[1] Dr. Chen and Ms. Matland discuss the length of time that they were required to spend this year complying with the County's programmatic audit, which is <u>not</u> at issue in this application for TRO. (Chen Decl., ¶ 4; Matland Decl., ¶ 4.) As explained in the Perez Declaration, the fiscal audit at issue involves no medical or clinical personnel. (Perez Decl., ¶ 6.)

scheduled for July 22, 2013 is a <u>fiscal</u> audit, which is different from the programmatic audit conducted earlier in 2013. AHF seeks to blur this distinction by lumping all audits together and referring to them as "Audits."

AHF does not dispute that the County has the contractual right to conduct periodic audits—including programmatic audits and fiscal audits—of AHF's contracts. Nor does AHF dispute that this is the first <u>fiscal</u> audit conducted in more than three years.[2] AHF also does not dispute that the County attempted to work with AHF for months in order to find a mutually convenient time to conduct the fiscal audit.

AHF's failure to establish the fundamental prerequisites for emergency relief requires the denial of this TRO. This failure includes AHF's unjustified delay in bringing this TRO after receiving formal notification from the County in a letter dated July 5, 2013 that the fiscal audit would be taking place on July 22, 2013. Further, because AHF has not and cannot show any harm from having the contractually mandated fiscal audit begin on July 22, 2013, the balance of hardships clearly weighs in favor of denying the TRO.

**B. AHF's TRO Should Be Denied Because Of The Undisputed Facts Stated In the Declarations Filed Herewith**

In addition to AHF's failure to meet its burden, the TRO should be denied based on the following undisputed facts set forth in the Declarations of Young, Perez, and Urbanski filed herewith:

- Under its contracts with the County, including the AOM Contract, AHF is required to make its financial records available to the County for mandatory auditing. (Declaration of Dave Young ("Young Declaration"), ¶ 3.)

- The last time that the County conducted a fiscal audit of AHF's contracts was in 2009. (Declaration of Mario J. Perez ("Perez Decl."), ¶ 4.)

---

[2] Although AHF complains that the County is auditing more than one fiscal year, AHF does not dispute that the County has the contractual right to audit those fiscal years that have not yet been audited.

- Since March 2013, the Auditor-Controller (the "Auditor") has made numerous attempts to accommodate AHF in scheduling the required fiscal audit of its contracts. AHF refused to agree to two proposed fiscal audit dates in May 2013. (Declaration of Katherine Urbanski, ¶ 2.)

- At AHF's request, the County agreed to a fiscal audit date in July 2013. Then, AHF refused to agree to two proposed fiscal audit dates in July 2013. Thereafter the County postponed the audit to July 22, 2013. (Urbanski Decl., ¶ 4; Young Decl., ¶ 2, 4.)

- As of July 5, 2013, AHF was the only contractor with an AOM contract that had not submitted to a contractually required fiscal audit; all other AOM contractors had agreed to and started their fiscal audits before June 30, 2013, the end of the fiscal year. (Young Decl., ¶ 5.)

- Contrary to AHF's assertion, the Auditor did not agree to postpone the July 22 fiscal audit to September 2013. (Urbanski Decl., ¶¶ 3-4.)

- The fiscal audit of AHF's AOM Contract is required by the federal government in order to verify that AHF properly expends federal funds under the Ryan White Care Act. (Perez Decl., ¶ 3.)

- Since the fiscal year of 2006-2007, the County has subjected AHF to fewer fiscal audits than any other provider of AOM services in Los Angeles County. (Perez Decl., ¶ 4.)

- There is no reason for DHSP to further postpone the July 22 audit to September 2013. That would unduly delay the fiscal audit, which has already been delayed, and jeopardize the County's ability to comply with HRSA's directive to conduct audits of recipients of RWP funds. (Perez Decl., ¶ 5.)

- The upcoming July 22, 2013 fiscal audit would not impact AHF's ability to deliver AOM services to its patients because it requires only the availability of financial records and administrative personnel and does not impact in any way medical or clinical personnel at AHF. (Perez Decl., ¶ 6.)

### III. CONCLUSION

Accordingly, AHF cannot show that it is likely to prevail on its claim that the scheduled fiscal audit is retaliatory and cannot show that it will suffer irreparable injury if the fiscal audit goes forward as scheduled. Therefore, AHF's TRO should be denied in its entirety, and the fiscal audit of AHF's AOM Contract should proceed as

scheduled on July 22, 2013 at 10:00 a.m. at AHF's offices.

DATED: July 18, 2013

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: <u>Joel N. Klevens /s/</u>
PATRICIA L. GLASER
JOEL N. KLEVENS
JOHN K. LY
*Attorneys for Defendants*