Tom Myers, SBN 176008
Tom.myers@aidshealth.org
Samantha R. Azulay (SBN 283424)
E-Mail: samantha.azulay@aidshealth.org
Christina Yang (SBN 266363)
E-Mail: christina.yang@aidshealth.org
AIDS Healthcare Foundation
6255 West Sunset Boulevard, 21st Floor
Los Angeles, CA  90028
Telephone 323-860-5200
Facsimile 323-467-8450
*Attorneys for Plaintiffs*

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDS HEALTHCARE FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY, et al., <br><br> Defendants. | No.: 2:12-cv-10400-PA(SHx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION TO COMPEL THE DEPOSITION OF PLAINTIFF MICHAEL WEINSTEIN AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Judge:  Hon. Percy Anderson <br> Magistrate Judge:  Hon. Stephen J. Hillman <br><br> **Trial Date: March 18, 2013** <br> **Discovery Cut-Off: February 3, 2013** <br><br> **[Filed Concurrently with Declaration of Michael Weinstein in support; Declaration of Andrew Kim in support; [Proposed] Order]** |

- 1 –
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITION
OF PLAINTIFF MICHAEL WEINSTEIN

## INTRODUCTION

It needs to be made perfectly clear what Defendants are attempting to do with this Application. On just six business days' notice, Defendants unilaterally noticed the depositions of two people, to appear on the same day, *the last day for discovery.*

One of the depositions noticed was for *the Plaintiff in this matter.* The other was for a witness whose identity was known to Defendants at least as early as June 13, 2013 (and who was well known to Defendants prior to that), when her name was produced in initial disclosures.

With full knowledge of the identities of this party and witness, Defendants nevertheless waited over 1 year, and over 7 months, respectively, to unilaterally notice their depositions, for the last day for discovery. This is a "problem" of Defendants' own making. There is no basis to extend the discovery deadline in this matter, and hamper Plaintiffs' efforts to prepare for trial. Plaintiffs respectfully request that this Application be denied.

## FACTS

Plaintiff Michael Weinstein ("Weinstein") has been a party to this case since it was filed in December, 2012. Miki Jackson ("Jackson") is a person identified by Plaintiffs' as having information pertinent to this matter in their initial disclosures on approximately June 13, 2013. (Declaration of Andrew Kim ("Kim decl."), paragraph 8.

Defendants' Application provides no evidence that, during the pendency of this action, Defendants ever sought to, or evidenced their intent to, depose either Jackson, or Weinstein in his individual capacity, and Plaintiffs are not currently aware of any such efforts.

Defendants first evidenced this intent when, on January 23, 2014, just six business days before the February 3, 2014 discovery cut-off, they unilaterally (without first consulting with Plaintiffs about the availability of that date) noticed

1  the depositions of both Weinstein and Jackson for the discovery cut-off date,
2  February 3.  Kim decl., paragraph 9, exhibit A.  It should be noted that the trial
3  date in this matter is March 18, 2014, a mere six weeks away.  Presumably,
4  Defendants assumed this was sufficient time for Plaintiffs to prepare two people
5  for deposition, have those depositions occur on the same day, and still continue
6  with their trial preparation and other discovery work on this case.[1]

7  As set out in the attached declarations of Weinstein and Andrew Kim,
8  Weinstein's counsel, neither was available for deposition on February 3.  On
9  January 28, 2014, Plaintiffs personally served objections to the deposition notices,
10 indicating that neither Weinstein nor Jackson would appear.

**ARGUMENT**

**A.     Defendants Did Not Provide Reasonable Notice Of The Weinstein Deposition Under The Federal Rules of Civil Procedure.**

In their Application, Defendants spend a great deal of time discussing the propriety of noticing Weinstein's deposition after he has already been deposed as a "person most knowledgeable" pursuant to Rule 30(b)(6).  Plaintiffs are aware that a deponent can appear in separate capacities, but objected to the fact that this would require Weinstein to appear twice, rather than consolidate his deposition both as a Plaintiff and as a person most knowledgeable.  Regardless, that is only one of the objections made to the deposition.

Defendants' contention that the six business days' notice provided is presumptively reasonable is mistaken.  FRCP 30(b) "requires the provision of 'reasonable notice' of depositions. 'Obviously no fixed rule can be laid down because much will depend on the other circumstances of the particular case.' 8A C.Wright & A.Miller, Federal Practice & Procedure: Civil § 2111 (1994). . . . Thus, ten business days' notice would seem reasonable. But, just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-

---

[1] Defendants have not moved to compel the Jackson deposition.

- 3 –
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITION
OF PLAINTIFF MICHAEL WEINSTEIN

specific and fact-intensive. What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)

      As in the above-cited case, this has been an exceedingly complicated matter. It involves multiple instances of conduct, done by numerous individuals, which stretch back years. There have been 17 depositions taken so far, including depositions of experts. Kim decl. paragraph 4  Most of the deponents have been either high level County employees, or high level employees of Plaintiff AIDS Healthcare Foundation (of which Plaintiff Weinstein is the President), a multinational nonprofit corporation with operations in over 12 states and 30 countries.

      As Defendants concede, the challenge of finding mutually agreeable times to fit the schedules of counsel and deponents has been daunting, and depositions dates have been rescheduled multiple times to accommodates the witnesses parties, and counsel.

      Therefore, as in the above-cited case, when Defendants unilaterally noticed two depositions for the last day for discovery, *and just six weeks before trial* (knowing full well the volume of pre-trial work the parties were already doing) that "it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices." As discussed below, neither Weinstein nor his counsel could accommodate the noticed date.

      In similar cases, when potential deponents are known to a party months (if not years) in advance, and the party takes no effort to depose them until the

discovery cutoff, and puts further time constraints and pressure on the deponents and counsel (such as here in scheduling two depositions for the same day, meaning that two witnesses would have to be prepared simultaneously), courts have routinely found that such notices are not reasonable under the federal rules. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 328 (unilateral notice given approximately two weeks (ten business days) before discovery cutoff not reasonable); *Cecena v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 86304, *5-6 (N.D. Cal. 2006) (notice served seven days before deposition, and approximately two weeks before discovery cutoff, unreasonable, where party had knowledge of deponent for ten months: "Here, Allstate points out that plaintiffs have known about Mang since at least December 2005 when their claim file was produced. .It appears that plaintiffs' current plight is due to the fact that they waited until the last minute to seek Mang's deposition, and they have not satisfactorily explained why they could not seek his deposition sooner."); *Kellogg Co. v. FPC Flexible Packaging Corp.*, 2013 U.S. Dist. LEXIS 101580, *11 (W.D. MI. 2013) (notice of six days just prior to close of discovery unreasonable).

Defendants were aware of the identity of Plaintiff Weinstein for over a year (and for many years prior to that). They made no move to depose him in his individual capacity, nor evidenced any intention to do so, until eleven days before the end of discovery. They unilaterally noticed his deposition, knowing it was likely that neither he nor his counsel could accommodate that date. At the same time, they also noticed another deposition for the very same day, further complicating the ability to prepare Weinstein for a deposition.

This simply is not reasonable, and Defendants' Application should be denied.

**B.    Neither Weinstein Nor His Counsel Was Available For Deposition On The Noticed Date.**

As the attached declarations of Plaintiff Michael Weinstein and his counsel, Andrew Kim, show, neither could accommodate the unilaterally noticed February 3 date, either to appear, or to prepare. As President of a multinational nonprofit corporation, Mr. Weinstein's schedule usually is set weeks in advance. When not travelling, he spends much of his day engaged in meetings and conferences with numerous participants, spanning many time zones at once, and frequently dealing with time sensitive issues. Coordinating the time for all these people, spread out across the world, to meet at one time is a daunting task requiring advance planning, and canceled meetings may take weeks or months to reschedule.

As Defendants' concede, Mr. Weinstein can and will appear for deposition (he already has in this case), if there is enough notice, and the parties can agree on mutually convenient times. No such effort was made here.

Further, as set out in his declaration Mr. Kim also had other business that required his attention that day, including previously scheduled meetings he had to prepare for and attend.

### C. The Timing Of The Deposition And This Application Appear To Violate The Court's Scheduling Order.

Under the Court's Scheduling Order in this matter, the scheduling of this deposition, not to mention this Application, is improper and not timely. As per Judge Anderson's November 15, 2013 Order (Dkt. 68), the discovery cut-off date was set at February 3, 2014. However, from the Court's May 1, 2013 Scheduling Order (Dkt. 41, paragraph 1) (Kim decl., paragraph 10, Exh. B), it is apparent that this date means more than just the date to complete discovery. In fact, the Order contemplates that discovery will be substantially finished far prior to February 3, because the cut-off date expressly includes "the last date to complete . . . the resolution of any Applications before the magistrate judge."[2]

---

[2] It should be noted that the Order also expressly states that "Discovery motions (like this one) may not be heard on an ex parte basis," although it does not

The apparent purpose behind this rule is to ensure that all discovery will be done in a timely manner, so that work on other aspects of the case may be attended to in a timely manner as well.  This is especially important in this case, were the discovery cutoff is just six weeks before the March 18 trial date.  There is a large amount of pre-trial work to be done, and the parties need sufficient time to do this properly, and not waste the court's resources at or before trial.  The discovery cut-off date has now passed.  It was incumbent on Defendants to notice Weinstein's deposition in manner such that it could be taken, and any disputes around it could be resolved, prior to February 3.  Again, given that Weinstein is a party to this case, Defendants could have deposed him at any time in compliance with the Scheduling Order.  Instead, by unilaterally giving six business days' notice, and by scheduling the deposition for the last day of discovery, Defendants virtually guaranteed that the Scheduling Order could not be complied with.

### D. Granting This Application Would Prejudice Plaintiffs' Ability To Prepare For Trial.

As stated above, trial in this matter is set for March 18, which is six weeks away.  By their Application, Defendants would have the discovery period extended into this trial preparation period.  Time that Plaintiffs need preparing for trial thus would be drawn to completing discovery.  This would harm Plaintiffs' trial preparations, and is not justifiable given the many, many months Defendants had to depose Weinstein.

---

expressly state that applies to all such motions, or to those motions decided by Judge Anderson.

[3] It also appears that Defendants are mistaken on the time to bring this Motion.  Defendants refer to the "last day for hearing motions," as set out in the November 15 Court order, as being February 10, 2014.  However, that date is the more general "Motion Filing Cut-Off" set out in paragraph 3 of the Scheduling Order, and not the specific "resolution of any discovery motions before the magistrate judge" cut-off of paragraph 1 of the Order applicable here.

- 7 –
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITION OF PLAINTIFF MICHAEL WEINSTEIN

1	In their papers, Defendants allude to the facts that (1) the parties have
2	already agreed to depositions occurring after the discovery cutoff and (2)
3	Weinstein's counsel considered the possibility of scheduling his deposition after
4	the discovery cutoff.  However, neither of these things leads to the conclusion that
5	Weinstein's deposition should now be held.  In the case of other depositions, this
6	has occurred after the depositions were reasonably noticed *within* the discovery
7	period, and were agreed to in order to accommodate all the parties and to avoid
8	resort to the court.  And, while Weinstein's counsel did consider the possibility of
9	scheduling the deposition after the cut-off date in order to accommodate
10	Defendants, it was decided that going forward would be too prejudicial to trial
11	preparations.

12	In similar circumstances, a late-noticed deposition was deemed to be
13	unreasonable.  *Kellogg Co. v. FPC Flexible Packaging Corp.*, 2013 U.S. Dist.
14	LEXIS 101580 at *10 (six day notice of deposition just prior to close of discovery
15	unreasonable:  "These circumstances distinguish Ms. Diaz's deposition from others
16	that the parties agreed could take place after the close of discovery, and it shows
17	why FPC did not agree to do the same regarding Ms. Diaz.  The court understands
18	that parties often treat discovery more informally than the Federal Rules
19	contemplate.  But this informal process requires a certain amount of openness and
20	good faith to work properly.  Where a party abandons those norms, it cannot then
21	fall back on the general practice to validate its bad behavior.")

22	**CONCLUSION**

23	For the foregoing reasons, Defendants' Application should be denied.

24	Respectfully submitted,

25	Dated: February 7, 2014	By:
26	/s/ Christina Yang
27	Christina Yang
	Attorney for Plaintiffs
28	AIDS Healthcare Foundation

- 8 –
PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITION
OF PLAINTIFF MICHAEL WEINSTEIN